## SOUTHERN DEPARTMENT.

### CENTRAL DIVISION.

WILLIAM REXROAD, *Administrator*, v. H. N. JOHN-SON, *Constable*.

**No. 64.**

CHATTEL MORTGAGE—*given in good faith to secure contingent liability, but purporting to be for absolute debt, not void as to creditors.* A mortgage which upon its face purports to secure an absolute indebtedness, when in fact it is given in good faith to secure the mortgagee against a contingent liability as surety, is not void as to creditors of the mortgagor.

Error from Reno District Court. Hon. L. Houk, Judge. Opinion filed July 21, 1897. *Reversed.*

*Wright & Stout*, for plaintiff in error.
*W. H. Lewis*, for defendant in error.

DENNISON, P. J. This was an action in replevin, commenced on May 20, 1889, in the District Court of Reno County, Kansas, to recover the possession of certain personal property. The property had been levied upon by Johnson, as constable, under an execution issued upon a judgment against J. A. Rexroad.

The plaintiff in the court below, John Rexroad, claimed to be entitled to the possession of the property under a chattel mortgage executed and delivered to him and by him duly recorded about four months prior to the levy by the defendant.

The plaintiff, John Rexroad, died after this case had been filed in this court, and the action has been revived in the name of William Rexroad, the administrator of the estate of John Rexroad.

608     Rexroad v. Johnson.

S. Dept.        Opinion.   Dennison, P. J.      6 Kan. App.

The mortgage was given to secure the payment of a note of one thousand dollars, which was also executed and delivered to the plaintiff, John Rexroad.

The evidence of the plaintiff disclosed the fact that plaintiff had signed as surety some three notes for J. A. Rexroad, his son, and that they had been frequently renewed. The notes aggregated about $1,180, and the property included in the mortgage was of the value of $598.

At the close of the evidence of the plaintiff, the defendant interposed a demurrer thereto, upon which the court made the following ruling as shown by the journal entry thereof :

"And thereupon the defendant introduced a demurrer to the plaintiff's evidence on the ground that said evidence did not state facts sufficient in law to constitute a cause of action, and that the chattel mortgage introduced in evidence was null and void because it showed on its face it was given to secure an absolute indebtedness, and the evidence shows it was given to indemnify plaintiff for signing notes of the mortgagor, as surety. The court, having fully considered the demurrer and evidence and being fully advised in the premises, does sustain said demurrer and does hold that the evidence on the part of the plaintiff is insufficient to constitute a cause of action against the defendant."

. The plaintiff brings the case to this court for review and asks for a reversal of this ruling.

Several questions are raised by the defendant in error in his brief, but the only one necessary to be considered in this case is the question raised by the demurrer : Is a mortgage, which purports to secure an absolute indebtedness when in fact it is given to indemnify the mortgagee against loss in signing notes of the mortgagor, as surety, null and void?

If such a mortgage is void, then the demurrer was

properly sustained.   If it is not void, then the court
erred in sustaining the demurrer, and the plaintiff is
entitled to a new trial.

. The trial in this case was had on May 20, 1890, and
the evidence tends fairly to show the following state
of facts :

The note and mortgage were executed, September 6,
1888, and became due, September 1, 1889, and the
mortgage was filed for record, January 25, 1889.

J. A. Rexroad testified that he gave the note and
mortgage to his father, this plaintiff, to indemnify
him against loss upon three notes which his father
had signed for him, all of which were then outstand-
ing.   One of these notes was for the sum of $400.30,
payable at the Peoples' Saving Bank ; another was for
something over $500, payable to J. Redhead & Co. ;
and the third was for the sum of $250, payable to the
Phelps and Bigelow Windmill Company.   He further
testified, that when his father signed with him he had
promised to protect the father with a chattel mortgage
upon his property, and that, when he began to see that
he could not pay the notes and that his father would
have to pay them, he executed and delivered to his
father the note and mortgage to secure him against
loss.

John Rexroad testified, that in the spring and sum-
mer of 1888 his son, J. A. Rexroad, was building the
Howard House in Hutchinson, and wanted him to
sign some notes as security for said J. A. Rexroad,
who promised to indemnify him against loss by exe-
cuting to him a chattel mortgage upon his personal
property ; and that upon the strength of said promise
he signed as security with said J. A. Rexroad one note
of about $430, to the People's Savings Bank ; another
of about $500, to the Redhead Bank ; and another of
$250, to the Windmill Company, of Kansas City.   He

39—6 KAN. APP.

further testified that he had paid the Redhead note, and also introduced in evidence a note for five hundred dollars and interest, dated November 20, 1888, due in thirty days, and upon said note was the following receipt :

"Dec. 9, 1889. Pd. in full by John Rexroad, $556, prin. and int. ; $8.30 costs ; $564.30 total."

He further testified that he had renewed the note at the People's Bank twice in his own name, after paying the interest, and had given a chattel mortgage upon his own property to secure it. He also testified that the other note had not been paid, as it was not yet due. The right of John Rexroad to recover is therefore clearly shown, unless the mortgage is void for the reason that it purports to secure an absolute indebtedness, when in fact it is given to indemnify the mortgagee against loss in signing notes of the mortgagor as surety.

No authority decisive of this point is cited in the brief of either party, but we have made a limited examination of the authorities and find that they hold such a mortgage valid. "The fact that a chattel mortgage appears on its face to be given to secure an absolute debt, but, in fact, was in good faith given to secure against a contingent liability as surety, does not avoid it as to creditors of the mortgagor." 3 Am. & Eng. Encyc. of Law, 188. See also *Sims v. Mead*, 29 Kan. 124.

We approve the doctrine enunciated in these authorities, and find that the court erred in sustaining the demurrer of the defendant to the evidence of the plaintiff.

The judgment of the District Court is reversed and the case remanded for a new trial.